**Bobby W. PERGRAM, Plaintiff–Appellant,**

v.

**Fred SHORTRIDGE, Individually and as Montgomery County Sheriff, et al., Defendants–Appellees.**

No. 03–6167.

United States Court of Appeals, Sixth Circuit.

April 21, 2004.

Bobby W. Pergram, Mt. Sterling, KY, pro se.

Shelby C. Kinkead, Jr., Kinkead & Stilz, Lexington, KY, for Defendant–Appellee.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

### ORDER

Bobby W. Pergram, a pro se Kentucky resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Pergram sued Montgomery County, Kentucky, and multiple Montgomery County Sheriff's Department employees concerning his arrest and subsequent incarceration. The district court granted summary judgment for the defendants finding that the complaint was without merit.

In his timely appeal, Pergram raises a multitude of reasons why the district court erred in granting summary judgment to the defendants.

The district court's judgment is reviewed de novo. See Smith v. Ameritech, 129 F.3d 857, 863 (6th Cir.1997).

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R.Civ.P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In applying the summary judgment standard, the court must review all materials supplied, including all pleadings, in the light most favorable to the nonmov-

ing party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the evidence is merely colorable or is not significantly probative, then summary judgment may be granted. *Anderson*, 477 U.S. at 249–50.

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324. The nonmoving party must do more than show that there is a metaphysical doubt as to the material issue. *See Matsushita*, 475 U.S. at 586. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Anderson*, 477 U.S. at 249–50.

On November 9, 2000, Pergram, after drinking several beers, called the Mt. Sterling Police Department. Pergram called to complain about Rackal Adams, a Mt. Sterling police officer. Pergram's problems with Adams arise from Adams's previous arrest of Pergram, which led to a similar action under 42 U.S.C. § 1983. The call was transferred to Deputy Sheriff Adkins. After listening to Pergram's comments regarding Adams, Adkins inquired as to whether Pergram wanted him to come to his house to talk with him. Pergram agreed. Before leaving the station, Adkins was notified of an outstanding arrest warrant for "W. Pergram," who Adkins assumed was Bobby W. Pergram.

Adkins and Deputy Sheriff Cooper went to Pergram's house in separate vehicles. According to the deputies, upon arriving at the house, Pergram was waiting for them in his driveway with a semi-automatic pistol resting on the hood of his pick-up truck, but pointed in the deputies' direction. Pergram claims that he was unable to identify the deputies' cars as sheriff's vehicles and therefore he carried his pistol for protection. Adkins and Cooper took cover and demanded that Pergram surrender his weapon. According to the deputies, Pergram refused to comply with their requests. After several verbal exchanges, Pergram went into his house. Pergram claims that, after the officers identified themselves, he went inside the house in order to put away his firearm. Shortly thereafter, Pergram emerged from his house. However, he refused to cooperate with the deputies. The deputies forcibly subdued Pergram with pepper spray, then arrested and handcuffed him, before placing him in a cruiser. Pergram claims that the deputies' actions were excessive, that he was violently thrown to the ground, handcuffed, pepper-sprayed, maliciously kicked while handcuffed, and thrown into the back of a police cruiser face first. He was charged with wanton endangerment and released on bail the next day.

The sheriff's office determined that Pergram had a prior felony conviction for third degree assault. With this conviction, the police officers obtained a warrant to search Pergram's house for the pistol and to arrest him for felonious possession of a firearm. These warrants were executed on November 10, 2000. However, after executing the warrants, the sheriff's office realized that the prior third degree assault conviction was actually a misdemeanor and the November 10, 2000, charges were subsequently dropped.

On February 6, 2002, Pergram was tried on the criminal charges associated with the November 9, 2000, arrest. Pergram was found guilty of two counts of menacing. On March 11, 2002, he was sentenced to serve two consecutive ninety-day terms of imprisonment. Pergram appears to be appealing his convictions for menacing.

■ The defendants were entitled to summary judgment as a matter of law. Except for Pergram's Eighth Amendment claims that he was subjected to cruel and unusual punishment during his incarceration after his arrest, Pergram's arguments are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.* at 487

Pergram's civil rights complaint attacks the police conduct as to his arrest and the subsequent search of his home. The record establishes that Pergram was convicted of two counts of menacing. Those convictions are apparently still being appealed. As Pergram's numerous arguments challenge the underlying procedures used by police which ultimately led to his conviction, any ruling on Pergram's arguments would call into question the validity of his convictions. Thus, the district court did not err in dismissing Pergram's civil rights complaint. *Id.* at 486–87. However, the dismissal should have been made under the doctrine announced in *Heck* rather than for the reasons provided by the district court.

Regarding his Eighth Amendment claim, Pergram contends that Montgomery County was deliberately indifferent to his medical needs while he was incarcerated after his November 9, 2000, arrest. Pergram alleged that despite his request to see a physician after his arrest, the county failed to provide him medical attention. In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Such a claim has both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 297–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment claim requires that the pain be serious. *Id.* at 298. The Supreme Court addressed the objective component in *Rhodes v. Chapman*, 452 U.S. 337, 346–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The subjective component, in contrast, constitutes the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97, 101–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See Wilson*, 501 U.S. at 302. The subjective component provides that the offending conduct be wanton. *Id.* Pergram does not show, nor do the facts establish, how the county's conduct inflicted pain or constituted deliberate indifference.

■ Pergram alleges that he sustained serious medical injuries as a result of his arrest, that he was in bed for several days after his arrest, and that he continued to receive medical care for his injuries following his arrest. However, in his deposition describing his injuries, Pergram stated

that he received scratches when he was arrested. These injuries do not establish a "serious" condition which would invoke the Eighth Amendment. *Id.* at 297–303. Accordingly, the defendants were entitled to summary judgment on Pergram's Eighth Amendment claim.

Therefore, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.